<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| URAIN ROBINSON, | : | **Hon. Robert B. Kugler** |
| Plaintiff, | : | Civil No. 13-0101 (RBK) |
| v. | : |  |
| JORDAN R. HOLLINGSWORTH, | : | <u>OPINION</u> |
| Defendants. | : |  |

**APPEARANCES**:

    URAIN ROBINSON, #39125-083
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner <u>Pro</u> <u>Se</u>

**KUGLER, District Judge**:

    Urain Robinson, a federal prisoner confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2005 by the United States District Court for the Eastern District of Virginia. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I. BACKGROUND**

    Petitioner challenges his incarceration pursuant to a 210-month term of imprisonment imposed on September 9, 2005, after a jury found him guilty possession with intent to distribute

cocaine, 21 U.S.C. § 841(b)(1)(C).  See United States v. Robinson, 205 Fed. App'x 978 (4th Cir. 2006).  The Fourth Circuit affirmed the conviction and sentence on November 14, 2006.  Id.  On or about August 28, 2007, Robinson filed a motion to vacate under 28 U.S.C. § 2255, which the sentencing court denied on March 5, 2008.  See United States v. Robinson, Crim. No. 04-0342 (JRS) (filed Nov. 2, 2004).  The Fourth Circuit denied a certificate of appealability on June 2, 2008.  See United States v. Robinson, 280 Fed. App'x 249 (4th Cir. 2008).

Robinson, who is now confined at FCI Fort Dix in New Jersey, executed his § 2241 Petition on December 31, 2012.  He challenges his conviction and sentence on three grounds:  (1) "a motion pursuant to 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his claims"; (2) "he is actually innocent of being a career offender, under united States Sentencing Guidelines, Section 4B1.1"; and (3) "the sentence otherwise applicable has expired, due to a re-interpretation of the statute of conviction, Title 21 United States Code, Section 841."  (Dkt. 1 at 2.)  In his memorandum, he explains that § 2255 is inadequate or ineffective because his "claims are based on retroactively applicable new substantive changes in a federal sentencing provision . . . that was either foreclosed or not available to him during trial, appeal or first § 2255 motion."  (Dkt. 1 at 9) (citations omitted).  He further argues that he is actually innocent of being a career offender because his prior Virginia juvenile and state convictions do not qualify as predicates for enhancement under U.S.S.G. § 4B1.1 under Begay v. United States, 553 U.S. 137 (2008), and United States v. Johnson, 587 F.3d 203, 210 (3d Cir. 2009).

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

2

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is generally because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Robinson contends that a motion under § 2255 is inadequate or ineffective because he is actually innocent of the career offender sentencing enhancement on the basis of the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), which was not decided until he had already pursued relief under § 2255. In Begay, the Supreme Court held on direct appeal that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition" and remanded for resentencing. Id. at 148.

Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine - is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke v. United States, 307 F.3d

4

117 (3d Cir. 2002).  Moreover, the Third Circuit has affirmed the dismissal of § 2241 petitions for lack of jurisdiction which challenged career offender enhancements.  See, e.g., Bowens v. United States, 2013 WL 49762 at *2 (3d Cir. 2013) (section 2255 is not inadequate or ineffective remedy for claim that Bowens was "improperly classified as a career offender because he did not have the requisite two 'prior felony convictions'"); Johnson v. Scism, 2012 WL 1668895 (3d Cir. May 14, 2012) (petitioner's challenge to his designation as a career offender does not fall within Dorsainvil exception); Middleton v. Ebbert, 467 Fed. App'x 105 (3d Cir. 2012) (same).  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


    s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:      January   9    , 2013

5