**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| URAIN ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>JORDAN R. HOLLINGSWORTH,<br><br>    Respondents. | Civil No. 13-0101 (RBK)<br><br><br>**OPINION** |

**APPEARANCES**:

    URAIN ROBINSON, #39125-083
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner *Pro Se*

**KUGLER, District Judge**:

Urain Robinson, a federal prisoner confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2005 by the United States District Court for the Eastern District of Virginia. *See United States v. Robinson*, 205 F. App'x 978 (4th Cir. 2006). This Court dismissed the Petition for lack of jurisdiction. Presently before this Court is Robinson's motion for reconsideration. For the reasons expressed below, this Court will deny the motion.

## I. BACKGROUND

In his § 2241 Petition, Robinson challenged his conviction and sentence on three grounds: (1) "a motion pursuant to 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his claims"; (2) "he is actually innocent of being a career offender, under United States Sentencing Guidelines, Section 4B1.1"; and (3) "the sentence otherwise applicable has expired, due to a re-interpretation of the statute of conviction, Title 21 United States Code, Section 841." (ECF No. 1 at 2.) In his memorandum, he explained that § 2255 was inadequate or ineffective because his "claims [were] based on retroactively applicable new substantive changes in a federal sentencing provision . . . that was either foreclosed or not available to him during trial, appeal or first § 2255 motion." *Id.* at 9. (citations omitted). He further argued that he was actually innocent of being a career offender because his prior Virginia juvenile and state convictions do not qualify as predicates for enhancement under U.S.S.G. § 4B1.1, *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Johnson*, 587 F.3d 203, 210 (3d Cir. 2009).

In an Opinion filed January 11, 2013, this Court dismissed the Petition for lack of jurisdiction because 28 U.S.C. § 2255 was not an inadequate or ineffective remedy to test the legality of Robinson's detention. *See* 28 U.S.C. § 2255(e); *see also In re*

*Dorsainvil*, 119 F.3d 245, 250 (3d Cir. 1997). This Court considered Robinson's argument that he was actually innocent of the career offender sentencing enhancement on the basis of the Supreme Court's decision in *Begay v. United States*, which was not decided until after he had pursued relief under § 2255.[1] Nevertheless, this Court found that § 2255 was not inadequate or ineffective for this ground because Robinson did not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine – became non-criminal. *See Dorsainvil*, 119 F. 3d at 250; *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). This Court also noted that the Third Circuit had affirmed the dismissal of § 2241 petitions for lack of jurisdiction which challenged career offender enhancements. *See, e.g., Bowens v. United States*, 508 F.App'x 96 (3d Cir. 2013) (holding that section 2255 is not inadequate or ineffective remedy for claim that Bowens was "improperly classified as a career offender because he did not have the requisite two 'prior felony convictions'"); *Johnson v. Scism*, 464 F.App'x 87 (3d Cir. May 14, 2012) (holding that petitioner's challenge to his designation as a

---

[1] In *Begay*, the Supreme Court held on direct appeal that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition" and remanded for resentencing. *Begay,* 553 U.S. at 148.

3

career offender does not fall within *Dorsainvil* exception); *Middleton v. Ebbert*, 467 F. App'x 105 (3d Cir. 2012) (same).

In his motion for reconsideration, Robinson relies on *Pollard v. Yost,* 406 F.App'x 635, 638 n.5 (3d Cir. 2011). Citing *Pollard*, he argues that "'the Third Circuit did not foreclose the possibility that *Dorsainvil* could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals.'" (Motion, ECF No. 4 at 2.)

## II.  STANDARD OF REVIEW

A postjudgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). This Court accordingly construes Robinson's motion as a Rule 59(e) motion. "The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new

4

evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)(quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

### III. DISCUSSION

Presumably, Robinson argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is necessary to correct an error of law and to prevent manifest injustice. To this end, he relies on *Pollard*. In *Pollard,* the Third Circuit stated that *Dorsainvil* did not foreclose the argument that § 2255 is an inadequate or ineffective remedy for a § 2241 petitioner who can show that, due to a change in the law after his direct and collateral appeals regarding what constitutes a predicate crime for ACCA purposes, his sentence should be lower. (Motion, ECF No. 4 at 2.)

In *Pollard*, petitioner filed a § 2241 claiming that he was actually innocent of a career offender classification due to a change in the law subsequent to his appeals holding that the offense that gave rise, in part, to his career offender classification, was no longer a predicate offense. The district court dismissed the petition and Pollard appealed. Although the Third Circuit affirmed the dismissal of the § 2241 petition on the ground that § 2255 was not an inadequate or ineffective remedy, the *Pollard* panel made the following two statements in dicta: "[W]e have yet to decide whether innocence of the sentence may also be grounds for applying the §

5

2255(e) savings clause," *Pollard*, 406 F.App'x at 637-38, and "we do not foreclose the possibility that *Dorsainvil* could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255." *Id.* at 638.

It may be argued that *Dorsainvil* did not foreclose the question of "whether innocence of the sentence may also be grounds for applying the § 2255 savings clause." *Pollard,* 406 F.App'x at 638. But the Third Circuit's precedential holding in *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002), forecloses Robinson's argument and undermines the dicta in *Pollard*.[2] In *Okereke*, petitioner argued to the district court that his sentence violated the Supreme Court's subsequent holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the judge increased his sentence on the basis of drug quantity not found by a jury. The Third Circuit emphasized that the district court had "misconstrued the narrowness of our holding in *In re Dorsainvil.*" *Okereke*, 307 F.3d at 120. The Third Circuit rejected Okereke's contention:

> Unlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255

---

[2] *Pollard* did not cite *Okereke.*

6

> was not inadequate or ineffective for Okereke to raise his
> *Apprendi* argument.

*Id.* at 121.

In this case, this Court found in its initial Opinion that an intervening change in case law potentially affecting a career offender enhancement does not render § 2255 an inadequate or ineffective remedy. This Court is bound by *Okereke*, and therefore must reject Robinson's contention, based on the non-precedential decision in *Pollard*, that this Court committed an error of law. Indeed, recent non-precedential decisions depart from the dicta in *Pollard*, and follow *Okereke* instead. For example, in *McIntosh v. Shartle,* C.A. No. 13-1060, 2013 WL 1926394 (3d Cir. May 10, 2013), the Third Circuit held that that § 2255 is not inadequate or ineffective for petitioner's claim that he is actually innocent of being a career offender under *Begay v. United States.* The Court relied on *Okereke* for the proposition that "petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal", since "[i]n *Dorsainvil*, [the Court] held that a defendant may proceed via § 2241 when a subsequent statutory interpretation renders the defendant's conduct no longer criminal." *McIntosh* at *1. *See also Johnson v. Scism,* 464 F.App'x 87 (3d Cir. 2012) (same); *United States v. Brown,* 456 F.App'x 79 (3d Cir. 2012) (holding that § 2255 is not

inadequate or ineffective for challenge to career offender enhancement under *Begay* because Brown "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *Selby v. Scism,* 453 F.App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply.") This Court will deny Robinson's motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion to reconsider the Order dismissing his Petition.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

DATED: August 29, 2013